**In re habeas corpus of Robert E. COTNER.**

**No. H–76–810.**

Court of Criminal Appeals of Oklahoma.

Nov. 5, 1976.

ORDER DENYING BAIL REDUCTION, DECLINING STATE'S APPLICATION TO VACATE ORDER ALLOWING BAIL, WITH INSTRUCTIONS

On October 22, 1976, Robert E. Cotner, hereinafter referred to as Petitioner, filed an application for Writ of Habeas Corpus requesting that this Court enter an Order reducing appeal bond fixed by the Honorable William W. Means in the sum of $25,000.00, pending an appeal from Petitioner's conviction in Tulsa County District Court, Case No. CRF–76–1099, wherein he was sentenced to serve a term of three (3) years' imprisonment for the offense of Rape in the Second Degree. In said application, Petitioner further prayed that this Court enter an Order directing that Petitioner be retained in the custody of the Tulsa County authorities pending hearing

and determination of the bail issue by this Court.

Said Order was accordingly entered, directing that Petitioner be so retained until the further Order of this Court. An Order to Show Cause was duly entered and this matter came on for hearing on November 4, 1976, at 2:30 p.m.; Petitioner appearing by counsel, Mr. Ronald C. Bennett, and the State appearing by Assistant District Attorney Marvin Spears. The Petitioner produced the testimony of Mrs. Ruth McLellan, his mother, in support of his application, and rested. Thereupon the State orally moved the Court to vacate the Order entered by the trial judge fixing bond, and directing the Honorable William W. Means to vacate his Order fixing bond in the sum of $25,000.00 and denying bail pending appeal, on the basis of additional evidence.

In support of said oral motion, a transcript on Petitioner's application for bail reduction, together with numerous exhibits were presented to this Court. The State also produced the testimony of Assistant District Attorney William Musseman and Earnest Smith. Mr. Smith's qualifications as an expert in the analysis and examination of questionable documents and handwriting exemplars were stipulated to by counsel for Petitioner. At the conclusion of said testimony, and after hearing argument presented by the Petitioner's counsel, Mr. Bennett and by Assistant District Attorney Marvin Spears, this matter was taken under advisement; whereupon the Court retired.

After considering all matters presented to the Honorable William W. Means, and the transcript setting forth the reasons why bail was set in the sum of $25,000.00, this Court finds that upon the evidence presented said Judge and the reasons set forth by the court, that bail in the sum of $25,000.00 is not excessive, and accordingly, Petitioner's application for bail reduction is DENIED.

The Court also considered the oral motion of Assistant District Attorney Marvin Spears for an Order of this Court vacating the Order allowing bail and directing that bail pending appeal be denied by the trial court. We observe that there was substantial evidence presented to this Court which was not available for consideration by the trial court and that while said motion possesses considerable merit, we are reluctant to direct the Honorable William W. Means to vacate his Order fixing bond and directing that he enter an Order denying bail pending appeal, since he has not been provided an opportunity to consider the additional evidence presented to this Court. Accordingly, the State's oral application for an Order directing that the Order fixing bail be vacated and requesting that bail be denied pending appeal is DENIED.

The Honorable William W. Means is authorized to conduct a hearing on any application filed on behalf of the State and at the conclusion of said hearing, affirm his Order heretofore entered, vacate the Order heretofore entered and increase or deny bail in the exercise of his sound judicial discretion, provided, that at the conclusion of said hearing, if any be conducted, if the Order heretofore entered fixing bail be modified or vacated, the trial court shall state the reasons therefor. In the event that an application or motion has not been filed by the State before the Honorable William W. Means on or before the 15th day of November, 1976, the Order of this Court heretofore entered, staying delivery of Petitioner to the Department of Corrections shall terminate on that day. In any event, the Order of this Court staying delivery of the Petitioner to the Department of Corrections shall terminate when any further Order affirming, increasing, vacating, or denying bail shall be entered by the Honorable William W. Means.

IT IS SO ORDERED.

WITNESS OUR HANDS, and the Seal of this Court, this 5th day of November, 1976.